## Case No. 5,042.

### The FRANCIS KING.

[7 Ben. 11.][1]

District Court, E. D. New York. July, 1873.

F. A. Wilcox, for libellant.

W. R. Beebe, for claimant.

BENEDICT, District Judge. I have examined the mass of testimony with which this case has been loaded, and from out of its contradictions and bold statements think that the following conclusions of fact can be properly drawn. And first I conceive that the evidence fails to prove that the sinking of the libellant's boat was caused by his own carelessness, in leaving his cabin windows open, so that the waves coming in through the windows caused her to sink. I have not overlooked the positive evidence of claimant's witness Marsh upon this point; but neither the matter nor the manner of his testimony are, to my mind, convincing. On the contrary, I conclude that the immediate cause of the boat's sinking was injuries sustained by her from pounding against the other boats in the tow, when the tow was thrown out of shape, and all placed in peril in the trough of the sea, by reason of the breaking of the port hawser. The sea was heavy and the motion of the boats in the trough of the sea abundant to account for the sinking of the two boats which were lost, of which the libellant's boat was one. I cannot doubt, upon the evidence, that, if the hawser had not parted, all the boats would have reached New Haven in safety, and that the parting of the hawser was the cause of the disaster. This

[1] [Reported by Robert D. Benedict, Esq., and Lincoln Benedict, Esq., and here reprinted by permission.]

'breaking of her hawser casts upon the tug the responsibility of the loss which resulted therefrom. The transportation of tows of loaded canal-boats in the waters of the Long Island Sound involves much danger and corresponding responsibility. Tow-boats engaged in that business must be competent in power and equipped with hawsers of sufficient strength to hold their tows in any weather ordinarily to be anticipated in that navigation. The canal-boats are frail, and their safety in any sea-way is dependent upon the union of many boats in one compact mass, which, when kept moving together, properly lashed, experience has shown to be able to withstand all weather necessarily experienced in navigating the Sound. This union, which is the source of their strength, is maintained by the power of the tug applied by means of the hawsers, and, in any case of disasters arising from a failure of the hawser, it is incumbent upon the tug to show plainly that its failure arose from no defect in quality or size. In this case the hawser which parted was an old hawser of short length, which was eked out by bending on to it part of a 4-inch stern line. In order to hasten the tow when near New Haven, to the power of the Francis King was added the power of the Gamecock. To that strain the smaller line proved unequal, and it parted, whereby the tow was at once thrown out of shape in a chopping sea. This parting of the port hawser was the real cause of the loss of the libellant's boat, and for its failure the Francis King is responsible.

It has been strongly argued that the tow remained in shape and intact, until after the King had cast off the tow and the Gamecock had taken hold, and that the subsequent sinking of the Crosby cannot, therefore, be charged upon the Francis King. In point of fact, when the Crosby sank, she was in tow of the Francis King, for the King again took hold of her after she had broken away from the tow. But the truth of the case is that injury sustained by the boat, while the boats were disarranged and pounding in the trough of the sea, was the cause of her sinking, and that arose from the breaking of the Francis King's hawser. After an examination of all the evidence, and in spite of the inaccuracy of some of the libellant's statements of fact, and of the extraordinary circumstances under which the evidence of the witness Pierce was given in his favor, I am forced to the conclusion that it was not through any fault of the libellant, nor by reason of any unforeseen and inevitable peril of the seas, that his boat was sunk, but because the tug-boat undertook to conduct the tow with a hawser insufficient for the purpose to which it was applied.

The decree must, therefore, be for the libellant, with a reference to compute the amount of his loss.